**E-FILED**
Thursday, 06 April, 2017  04:24:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARCUS MINOR,                    )
   Plaintiff,                        )
                              )
   vs.                                  )          No. 17-2008
                              )
TIMOTHY BUKOWSKI, et al.,        )
   Defendants                        )

MERIT REVIEW ORDER

     This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     Plaintiff, a pro se prisoner, claims Defendants Sheriff Timothy Bukowski, Administrator Chad Kolitwenzew, Assistant Administrator Robert Shutlz, Officer Appell and Officer Long violated his constitutional rights at the Jerome Combs Detention Center.

     Plaintiff says on December 18, 2016, Defendants Appell and Long were handing out food trays when Plaintiff reached out of his chuckhole to grab his tray and prevent the food from spilling.  However, the Defendants began to beat his arms and repeatedly slammed the chuckhole door on his arms.  The officers then threw Plaintiff's food into his cell and again began kicking his arms. Ultimately, the Defendants put one handcuff

1

on Plaintiff and the other end of the handcuff on the cell door.  Plaintiff claims the officers left him restrained in this manner for over an hour.  Six officers then returned, un-cuffed the Plaintiff and moved him to a restraint chair where he again remained for one or two hours.  Plaintiff says his arm and finger were swollen.  When a nurse entered the area, Plaintiff explained what happened and asked her to look at his arm, but Plaintiff says the nurse "just walked off." (Comp, p. 7).

Plaintiff has not listed any John Doe Defendants, nor has he identified the Nurse as a Defendant.  However, based on the allegations in the complaint, Plaintiff has adequately alleged Defendants Appell and Long used excessive force against him on December 18, 2016.  Plaintiff has not alleged any other named Defendant was directly involved in the use of force, and a Defendant cannot be held liable pursuant to §1983 simply because he was a supervisor. *See Ali v. West,* 2017 WL 176304, at *3 (E.D.Wis. Jan. 17, 2017)("[b]ecause personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* does not apply to § 1983 actions..").  In addition, while Plaintiff claims he is suing some Defendants in their official capacities, he has failed to articulate an official capacity claim.  Therefore, Plaintiff's excessive force claim is limited to Defendants Appell and Long.

Plaintiff next alleges on December 19, 2016, Defendant Juergens took away Plaintiff's cover and blanket.  Therefore, Plaintiff says he was forced to sleep in a very cold and uncomfortable cell and slept in his shirt.  Plaintiff says he has sent grievances

2

to Defendants Kolitwenzew, Shultz, and Scloendorf, but they failed to take any action. Finally, Plaintiff says he only receives showers twice a week, but the "county jail standards" require three showers a week. (Comp., p. 7).

Prisoners have right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To determine whether an inmate has alleged a constitutional violation, courts consider "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991)(finding that deprivation of blankets for four days in sub-freezing temperatures could constitute Eighth Amendment violation). "However, where an inmate fails to show that he was forced to remain in the cold for long periods of time, or does not establish that he suffered unusual deprivations, his complaint may not rise to the level of a constitutional violation." *Mitchell v. Dennison*, 2017 WL 119343, at *2 (S.D.Ill. Jan. 12, 2017); *see also Mays v. Springborn*, 575 F.3d 643, 648-49 (7th Cir. 2009)(prisoner who had hurt ears, numb hands, feelings of frostbite, and caught colds because he was never issued adequate winter clothing showed only that he was subject to the "usual discomforts of winter," not the objectively serious harm required to state an Eighth Amendment claim).

3

Plaintiff has alleged nothing more than he was denied a blanket and therefore slept in his shirt.  Based on the slim allegations, Plaintiff has not articulated a constitutional violation based on the denial of a blanket.  In addition, a violation of jail standards alone does not state a constitutional violation. *See Wells v. Bureau Cnty.*, 723 F.Supp.2d 1061, 1083 (C.D.Ill. July 2, 2010) (observing that § 1983 provides no remedy for failure to meet Illinois' Jail Standards).

Even if Plaintiff had articulated a claim based on his living conditions, he may not combine unrelated claims against different Defendants in one lawsuit.  *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).  Plaintiff claims that officers used excessive force against him is unrelated to his claim that a different officer took his blanket.   Therefore, Plaintiff may only proceed in this lawsuit with his claim alleging Defendants Appell and Long used excessive force on December 18, 2016.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Appell and Long used excessive force against him on December 18, 2016. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Timothy Bukowski, Chad Kolitwenzew,  and Robert Shutlz for failure to state a claim upon which relief can be granted pursuant to**

6

**by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 6th day of April, 2017.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE